APPLIANCE BUYERS CREDIT CORPORATION v. JOSEPH HERBERT MASON, GEORGE D. LEWIS AND ROSALIE S. LEWIS.

(Filed 20 September, 1967.)

APPEAL by defendants from *Hubbard, J.,* June 12, 1967 Session of CARTERET.

At Spring Term 1967, this Court reversed the judgment of involuntary nonsuit entered in the (first) trial of this cause at October 1966 Session of Carteret Superior Court. The facts disclosed by the record on said former appeal and the law applicable thereto are set forth in the preliminary statement and opinion of Sharp, J., in *Credit Corp. v. Mason,* 269 N.C. 567, 153 S.E. 2d 3.

Upon retrial at June 12, 1967 Session, evidence was offered by plaintiff and by defendants.

Uncontradicted evidence tends to show defendant Mason was obligated to plaintiff on his $5,609.39 note and conditional sale contract and defendants Lewis were obligated to plaintiff on their guaranty agreement in the amount of $4,199.39 on or about October 15, 1963, when Mason surrendered the eight Nassau golf carts to plaintiff and waived in writing "advertisement and sale as required by law"; that, when possession was surrendered to plaintiff, Mason was in default in respect of five payments of $470.00 each, a total of $2,350.00; that plaintiff, on November 4, 1963, sold the eight golf carts at private sale to B. & H. Auction and Salvage Company, Ra-

leigh, North Carolina, for $2,045.00; that, after deducting expenses incidental to repossession and sale, Mason's account was credited with $1,922.00, leaving a balance of $2,277.39; and that the B. & H. Auction and Salvage Company, shortly after purchasing the eight golf carts, after newspaper advertisement, conducted a public auction sale thereof, which was attended by approximately thirty-five people who were interested in golf or played golf or ran golf shops, and that the total sale price for the eight golf carts "came to some $2,500 to $2,600."

Opinion evidence offered by plaintiff and opinion evidence offered by defendants as to the fair market value of the eight golf carts when surrendered by Mason to plaintiff was in sharp conflict. Too, there was conflicting evidence (1) as to the condition of the golf carts after being used "approximately 13 months," and (2) as to whether plaintiff, through its agent, agreed to accept the golf carts in full settlement and discharge of their claim of debt against defendants.

The court submitted, and the jury answered, the following issues: "1. At the time the golf carts were returned did their fair market value equal or exceed the amount due on the note? Answer: No. 2. Did the plaintiff accept the return of the golf carts in full satisfaction of the debt? Answer: No. 3. Did the plaintiff in disposing of the eight golf carts sell the same at a fair and reasonable value? Answer: No. 4. In what amount, if any, are the defendants indebted to the plaintiff? Answer: $1200.00."

In accordance with said verdict, the court entered judgment "that the plaintiff have and recover of the defendants, jointly and severally, the sum of One Thousand, Two Hundred ($1,200.00) Dollars, and that the costs of this action be taxed against the defendants."

Defendants excepted and appealed.

*Hamilton, Boshamer & Graham for plaintiff appellee.*
*Wheatly & Bennett for defendant appellants.*

PER CURIAM. Although the record shows twenty-eight exceptions and assignments of error, defendants' brief brings forward and discusses only two questions, *viz.:* "1. Did the Court err in permitting the plaintiff's witnesses Gene Francis and I. U. Holmes to give their opinions as to the fair market value of the golf carts at the time of repossession in October, 1963? 2. Did the Court err in failing to peremptorily instruct the jury to answer the second issue, 'Yes'?"

Consideration of the testimony of Francis and of Holmes leaves

the impression that defendants' attack upon their qualifications to testify to their opinions as to the fair market value of the golf carts when surrendered by Mason to plaintiff about October 15, 1963, goes to the weight rather than to the competency of their testimony; and in the admission thereof we perceive no error of sufficient prejudicial nature to warrant a new trial.

With reference to the second question presented by defendants, it is sufficient to say: The record does not show defendants requested that such peremptory instruction be given. See G.S. 1-181; 2 McIntosh, N. C. Practice and Procedure (Second Edition, Wilson), § 1517. Nor does the record show defendants excepted to or assigned as error the court's failure to give such peremptory instruction.

It is noteworthy that the jury, by answering the fourth issue $1,200.00, allowed defendants a credit of $2,999.39 rather than $1,922.00 on account of plaintiff's repossession and sale of the golf carts.

Defendants having failed to show prejudicial error, the verdict and judgment will not be disturbed.

No error.